# EXHIBIT A

101001 · 422

## BEFORE THE KAUFMAN COUNTY DISTRICT COURT

### Kaufman County Courthouse

**100 W. Mulberry**

**Kaufman, TX  75142**

County of Kaufman        )

                         )   SS:

State of  Texas          )

DARIUS J PALMER

3017 Mill Creek Way

Forney, TX  75126

        **Plaintiff**

Vs                          Case No. _____

                            ~~JURY TRIAL DEMANDED ON ALL CLAIMS~~ D P

Nissan Finance - 8900 Freeport Parkway, Irving, TX 75063

   Attn: Resident Agent/Registered Agent and Business Owner Personally,

NMAC - P.O. Box 660577 Dallas, TX 75266-0577

   Attn: Resident Agent/Registered Agent and Business Owner Personally,

EXPERIAN CORP. -- PO BOX 2002 ALLEN, TX  75013

   Attn: Resident Agent/Registered Agent and Business Owner Personally,

EQUIFAX -- PO BOX 740256 ATLANTA, GA  30374

   Attn: Resident Agent/Registered Agent and Business Owner Personally,

TRANSUNION -- PO BOX 34012 CHESTER, PA  19022

   Attn: Resident Agent/Registered Agent and Business Owner Personally,

INNOVIS DATA SOLUTIONS – PO BOX 1640 PITTSBURGH, PA 15230-1640

Attn: Resident Agent/Registered Agent and Business Owner Personally,

ANONYMOUS ATTORNEY 1- LOCAL ADDRESS PRESENTLY UNKNOWN

ANONYMOUS BUSINESSES CLAIMING TO BE CREDITORS – LOCAL DEBT COLLECTION ATTORNEY ADDRESS UNKNOWN Notice Care of Transunion PO BOX 34012 Chester, PA 19022

Attn: Resident Agent/Registered Agent and Business Owner Personally,

All Jointly and severally together with their Insurances/Insurers by, through, and in their name

     **Defendant(s)**

oooooooOoooooo

**COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND OTHER WARRANTED RELIEF**

oooooooOoooooo

COMES NOW, the Plaintiff(s) DARIUS J PALMER and sues the Defendant DEBT COLLECTOR and CONSUMER CREDIT REPORTING BUSINESSES, jointly, and states as follows:    A. Introduction.

        i.     May it please the court. This is a pre-suit activities and 'self-help/private administrative processes'/action intended to REVIEW THE TRANSACTIONS AND INQUIRE INTO THE RECORDS APPERTAINING TO OBTAIN DECLARATION OF THE RIGHTS, DUTIES, AND LEGAL RELATIONS OF THE

PARTIES INVOLVED in a CREDIT REPORTING EVENT AND CREDITOR-DEBTOR TRANSACTION where Plaintiff has notified the Defendants to cease and desist unless certain foundational documents to verify and validate the existence of enforcement and collection authority and other matters precedent to collections and claims of default AND HOPEFULLY TO THEN GAIN THE RELEASE OF ALL LIENS AND ENCUMBRANCES ON TITLE AND ADVERSE REMARKS, AND FOR DAMAGES - IF ANY - [HYBRID COMBINED COMMON LAW, DECLARATORY RELIEF, FAIR CREDIT REPORTING ACT AS IMPLEMENTED AS STATE LAW AND CONSUMER PROTECTIONS, STATE FAIR DEBT COLLECTION LAW, AND CONSUMER PROTECTION

LAWS PRE-SUIT ACTIVITIES AND 'SELF-HELP/PRIVATE ADMINISTRATIVE PROCESSES']. See Exhibit A Incorporated fully herein by reference (Abstract excerpt, full copy will be exhibited and entered into evidence or provided to be inspected by the court upon instruction and further proceedings).

ii. Comes now Plaintiff, in good faith and Honor, Pro Se Consumer pursuant to the Common law, Debt Collection Practices Laws, and Consumer Protection laws of this state, etc. in this Complaint AND ASKS A PRELIMINARY INJUNCTION BARRING THE CREDIT REPORTING BUSINESSES NAMED FROM REPORTING THE NEGATIVE

INFORMATION THAT IS CHALLENGED HEREIN AND BY THIS PRE-SUIT ACTIVITIES AND 'SELF-HELP/PRIVATE ADMINISTRATIVE PROCESSES' UNTIL AND UNLESS THE 3RD PARTY REPORTER (NISSAN) CAN PRODUCE AND EXPLAIN THEIR STANDING AND AUTHORITY AND BY WHICH THEY GAVE THE CREDIT REPORTING BUSINESSES AUTHORITY TO NEGATIVELY REPORT AND TO UPHOLD THAT REPORT AGAINST CHALLENGE MADE TIMELY AND IN WRITING BY PLAINTIFF.

iii. In the interim Plaintiffs credit score is negatively effected and the honorable nature of the Plaintiff is brought into question publicly to any who would inquire and claim to have the proper credentials to do so whether they do or not, AND PLAINTIFF IS PREVENTED FROM DOING ANYTHING WITH HIS VEHICLE REGARDING TITLE as the Finance Company named in suit will not release its claim of lien and will not stop claiming an interest in it as collateral regarding a loan which they have no original note or promise for and which it is believed that when they securitized it they pledged under federal laws that all parties obligated under the original instruments – if any existed – were released. Further it is believed that tax records will and do show that the matters of any outstanding obligation are either or both resolved or not due to the parties claiming a right of lien against the property as collateral. Either conditions are sufficient grounds for this court to order the claim of lien and any recorded lien clouding the title to be released and/or voided and any claim of debt related voided as well anywhere it appears. That is what Plaintiff seeks in this suit temporarily and permanently.

iv. Negative effects are extreme, ongoing, and cause Plaintiff emotional anguish, embarrassment, loss of contracts, and limitations on work that one can do, clearances that one can obtain, government contracts that one can fulfill, and without emergency and hurried preliminary injunction permanent harm and

injury will be visited upon and borne by the Plaintiff because every inquiry
causes his score to drop but unfavorable information is constantly reported
which is not verified by the means spelled out by the law strictly.  ***See Exhibit***.


B.    Case/Claims.

    **1.**    PLAINTIFF Pro se Debtor first party claimant and consumer DARIUS J PALMER ("Plaintiff
        1") has a domicile in this state and has all rights of citizens here and equivalent to
        private citizen consumers here.

    **2.**    DEFENDANT EXPERIAN is a professional corporation, and a resident of the State and
        County that they are listed at in this pre-suit activities and 'self-help/private
        administrative processes' (a different state), and is a debt collector within the meaning
        of 15 U.S.C. §1692a(6) AND DOUBLES AS A CONSUMER CREDIT REPORTING BUSINESS in
        operations and as applied through state laws embodying and implementing for local
        consumer protection.

    **3.**    DEFENDANT EQUIFAX is a professional corporation, and a resident of the State and
        County that they are listed at in this pre-suit activities and 'self-help/private
        administrative processes' (a different state), and is a debt collector within the meaning
        of 15 U.S.C. §1692a(6) AND DOUBLES AS A CONSUMER CREDIT REPORTING BUSINESS in
        operations and as applied through state laws embodying and implementing for local
        consumer protection.

    **4.**    DEFENDANT TRANSUNION is a professional corporation, and a resident of the State and
        County that they are listed at in this pre-suit activities and 'self-help/private
        administrative processes' (a different state), and is a debt collector within the meaning
        of 15 U.S.C. §1692a(6) AND DOUBLES AS A CONSUMER CREDIT REPORTING BUSINESS in
        operations and as applied through state laws embodying and implementing for local
        consumer protection.

    **5.**    DEFENDANT INNOVIS is a professional corporation, and a resident of the State and
        County that they are listed at in this pre-suit activities and 'self-help/private
        administrative processes' (a different state), and is a debt collector within the meaning
        of 15 U.S.C. §1692a(6) AND DOUBLES AS A CONSUMER CREDIT REPORTING BUSINESS in
        operations and as applied through state laws embodying and implementing for local
        consumer protection.

    **6.**    EACH OF THESE DEFENDANTS LISTED ABOVE HAS AND MAINTAINS A LEGAL
    DEPARTMENT THAT DOES BUSINESS BY AND THROUGH CONTRACTS AND CONTACTS WITH

LEGAL STAFF AND PROFESSIONALS IN THIS COUNTY AS NEEDED AND IN THE VARIOUS
CREDITORS BUSINESSES LEGAL DEPARTMENTS AND EVERY STEP THEY MAKE IN FURTHERANCE
OF ANOTHERS ATTEMPT TO COLLECT A DEBT IS AN ATTEMPT TO COLLECT A DEBT THE LAWS
STATE. They were each contacted and provided a copy of the Consumer Credit Reporting
businesses record/report and asked to correct their harmful and derogatory information.  Each
has not done so and yet the creditors, also contacted, have not opposed with them or Plaintiff
which seems to trigger an obligation to redact or delete or amend the negative information.

7.      DEFENDANT Anonymous Lawyer 1 will now be representing the Company 'EXPERIAN,
        EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE
        INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY'
        in this pre-suit activities and 'self-help/private administrative processes' and any
        counterclaim ("Lawyer 1") is an attorney licensed to practice law in this state and is a
        debt collector within the meaning of 15 U.S.C. §1692a(6) and as applied and
        implemented through state laws for local consumer protection.

8.      Lawyer 1 is believed to be an agent and agency of 'EXPERIAN, EQUIFAX, TRANSUNION,

INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING
REMOVAL, ALL JOINTLY AND INTERCHANGEBLY' by contract and their submissions on their behalf to the
court will violate Duty of Candor, Rule 11, FDCPA, FCRA, in violation of state laws upheld for local
consumer protection and is both misleading and false as explained above wherein anything other than
what Plaintiff is asserting is stated to be truth. *See Exhibit.*

9.      ANONYMOUS BUSINESS CLAIMING TO BE CREDITOR is believed to be an agent and
        agency of 'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S)
        REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY
        AND

INTERCHANGEBLY' and vice versa by contract and their joint and/or several submissions on their behalf
to the court will violate Duty of Candor, Rule 11, FDCPA, FCRA, in violation of state laws upheld for local
consumer protection and is both misleading and false as explained above wherein anything other than
what Plaintiff is asserting is stated to be truth. *See Exhibit*.

10.     Plaintiff has seen, and personally verified, the fact that every one and All of the
        DEFENDANTs have and maintain records naming the Undersigned, or soon will by
        agency and are thusly doing business with and regarding a resident and citizen of this
        state (PRABHAKAR), and are insured for liability arising from transactions and pre-suit
        activities and 'selfhelp/private administrative processes such as the instant one as far as
        DARIUS J PALMER can tell and is aware.

11.     The law states that DARIUS J PALMER may and should verify who he owes as due
        diligence whenever performance or payment are demanded of him and here he has
        done so with Nissan Finance Company named in suit and they have not and will not

produce the Original instrument creating the liability claimed, nor will they show the Plaintiff tax/accounting documents regarding any amounts they claimed as generated, financed, or profited, and generally speaking they just want to demand payments but have neither note nor promise nor both together upon which to stand or from which to claim collateral attachable or pledged to them whereas a RELEASE OF LIEN AND CORRECTION OF TITLE RECORDS was asked to date and they have refused or have lodged such records but have not yet notified the proper parties of the release or their lack of interest in any collateral (namely DARIUS J PALMERS car)..

12.     DARIUS J PALMER took measures to do such due diligence and the alleged creditors and 'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY' defendant has not only failed and refused to respond or comply but has initiated immediate pre-suit activities and 'self-help/private administrative processes' where a challenge to their business records, accounting, and collection practices stands currently unanswered at all.

13.     There is no certification that 'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY' has or maintains possession of the Contract or Commercial Agreement anywhere and so it is presumed that they do not by the PLAINTIFF DARIUS J PALMER.

14.     On information and belief 'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY' does not have nor maintain the original contract or commercial agreement, sold it, certified a Default and collected from insurances regarding the matters but the default was false, and they are now bringing action against DARIUS J PALMER for the sole and improper purposes of maintaining appearance of value on the face of their records regarding claims of debt without maintaining the actual ownership thereof or existence thereof.

15.     DARIUS J PALMER asked that the alleged Creditor 'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY' produce and exhibit the original instruments or have the one reporting it to them produce them as verification of a commercial and contractual relationship with Plaintiff and all that they showed was unilaterally amended forgeries that seem worded to trade, sell, or otherwise reassign the paper to another who no longer has it, who is not demanding anything of Plaintiff and who is not reporting any information against the Plaintiff, and who is not present in the pre-suit activities and 'self-help/private administrative processes' nor any pre-suit activities and 'self-help/private administrative processes' that

'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY' filed to date.

16. The right to see it and inspect the obligation by strictest evidence is not waived neither according to the definitions in the forged contract that 'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY' is representing to be the agreement between the parties nor actually and the other side is not claiming that to be the case.

17. The laws applicable in this state assert a substantive right of the PLAINTIFF DARIUS J PALMER to, without any dishonor, accept unconditionally and promise to pay or perform according to a contract or commercial agreement upon exhibition and/or presentment of the original contract or commercial agreement.

18. The laws applicable in this state and to this pre-suit activities and 'self-help/private administrative processes' also state that upon a written demand to the demanding creditor timely made seeking and stating the exercise of the right to presentment and/or exhibition of the original contract or commercial agreement the would-be debtor has no further obligations and any liability is suspended until and unless the creditor complies.

19. Plaintiff asks that the court permit, and hereby preserves her right, that as identities become known and other parties necessary to be named in suit are revealed that he be permitted leave to amend

20. The PLAINTIFF DARIUS J PALMER is a consumer within the meaning of the law and its protections of certain acts and activities and against certain predatory and threatening conduct acts by creditors and debt collectors.

21. The laws seem to indicate that failure to present or exhibit, whilst still demanding payment and engaging in collection activities, and doing things such as filing pre-suit activities and 'selfhelp/private administrative processes', are a violation of the states

consumer protections laws, debt collector behavioral controls locally, and the states fair debt collection practices laws.

22.   The laws further suggest that where the claims that the notice of acceptance and seeking presentment and exhibition constitute are received and the Creditor does not intend to comply it is customary that the liability insurers claims processors are notified where an intent to sue absent compliance is included in the notice from the alleged debtor as it was in this instant case.

23.   DARIUS J PALMER believes that, and accuses that, the 'EXPERIAN, EQUIFAX, TRANSUNION,
INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY' Defendants and the Lawyer 1 Defendant representing them in their pre-pre-suit activities and 'self-help/private administrative processes' activities and 'self-help/private administrative processes' against DARIUS J PALMER who are inextricably intertwined and one another agents in the endeavor and pre-suit activities and 'self-help/private administrative processes' against DARIUS J PALMER have both jointly and severally acted in concert to circumvent the intent of the laws cited herein without violating the wording of the law by instituting pre-suit activities and 'self-help/private administrative processes' to get around the defects in their ownership, enforcement authority allegations, and standing to collect or enforce anything.

24.   The Attorney is believed to have violated his duty of candor, ethics considerations, and insurance pledges as to his professionalism in representing the DEFENDANT 'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY' and having done so it

is presumed that they acted knowingly and intentionally because they had a duty to do reasonable inquiry and to see that what he (attorney speaking and assisting the Defendants jointly and/or severally) signs his name to is reasonably supported by fact and proof. See Civil Rule 11.

25.   DARIUS J PALMER is forced to expend funds to defend pre-suit activities and 'self-help/private administrative processes', forced to sue to inspect, audit, and correct the necessary business records, has been harmed in his credit score and creditworthiness, and adverse decisions are being made against him daily now as a result of the false and misleading allegations, records, and enforcement behavior of 'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY' and their attorney LAWYER 1.

26.   WHEREFORE, DARIUS J PALMER claims these things and asks for appropriate and warranted relief as follows:

    **a.**      TRO Temporary Restraining order enjoining any further collection and/or reporting

activities by 'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE
INFORMATION' of any creditor(s) who do not interplead their claims into this case and prevail in them
or any for them and regarding any claims of lien and interest in title by Nissan Finance Persons;

    **b.**      Review the transactions; original documentation, and allegations, review and inspect
        the

records of the DEFENDANTs *and give declaration of the rights, duties, and legal relations of the parties
to these opposing interests and pre-suit activities and 'self-help/private administrative processes'*;

    **c.**      $7,500.00 Judgement against 'EXPERIAN, EQUIFAX, TRANSUNION, INNOVIS AND THE

CREDITOR(S) REPORTING ADVERSE INFORMATION AND NOT AUTHORIZING REMOVAL. ALL

SEVERALLY AND INTERCHANGEBLY';

    **d.**      TRO against Nissan Finance Persons

    **e.**      $2,500.00 Judgment against the Lawyer Debt Collector for 'EXPERIAN, EQUIFAX,

TRANSUNION, INNOVIS AND THE CREDITOR(S) REPORTING ADVERSE INFORMATION AND

NOT AUTHORIZING REMOVAL, ALL JOINTLY AND INTERCHANGEBLY'

    e. Grant such other further appropriate and warranted relief favorable to the PLAINTIFF DARIUS
J PALMERS cause under the totality of the circumstances.

    All set forth herein is stated and affirmed as true, correct, and complete and verified by the affidavit
of truth in support below AND BACKED BY PROOF ANNEXED AND STRICT PROOFS AVAILABLE FOR
INSPECTION IN CAMERA UPON REQUEST AND AT THE EARLIEST OPPORTUNITY.

By: _Darius_ _____ [L.S./SEAL]    DATE: 10/19/18

Mr. DARIUS J PALMER

39515 FOREMAN ROAD

POLSON, MONTANA  59860

*****Affidavit of Truth in Verification*****

I, Mr. DARIUS J PALMER, The Undersigned, do hereby state and affirm as follows under penalty of perjury under the laws of this state, nation, and locale 28 USC 1746.

1.    I am over age 18 and competent to state these facts and to contract.

2.    I have personal first-hand knowledge of all facts set forth herein and above.

3.    All set forth herein and above is sworn true, correct, complete, and is not set forth for any improper purpose.

4.    If called to restate any fact set forth herein or above I would do so verbatim before any and under inspection.

5.    I am a victim and witness as to all stated.

6.    Any copies annexed are true and correct copies (Abstract form, the originals will be displayed in open court for inspection and submitted into evidence) from my official records on what the other side received of the matters which records closed without the other sides giving the lawful process required or finalizing

matters with final determinations based on legally required steps being taken first and their records will show this.

7.   The accounting above is accurate to the best of my knowledge, information, and belief and based on the information available to me the appraisal is appropriate.

8.   I have never seen any proof or evidence that is contrary to the facts that I have set forth and I do not believe any such contrary facts, proof, or evidence exists whereas if it does or any asserts that it does I would demand the strictest proofs produced in open court for inspection by me personally and examination before this court absent which no such contrary facts, proof, or evidence is shown to exist.

9.   The law has stated that nothing more than affidavits are necessary to make the prima facie case, nor more than affidavits are needed to shift the burden of proof and to rebut rebuttable presumptions requiring proof to be produced and 'best evidence' may be required.

10.  These facts are presented in Good Faith and Honor and further I say not.

Sworn and Signed:

/s/ x _____ [L.S./SEAL]   dated _____ 10/16/18 _____

PROOF OF SERVICE:

TRUE AND CORRECT COPY FORWARDED TO ALL IN AND OF INTEREST AT THEIR ADDRESS IN THIS SUIT FOR SERVICE OF DOCUMENTS AND LEGAL PAPERS UPON THEM.  DONE BY USPS FCM POSTAGE PREPAID THIS DATE, 10/16/2018, BY PLACING IN THE U.S. POSTAL SYSTEM.  It is asked that if allowed in these courts that the Accused waive service of summons upon them by notifying the Plaintiff and court in writing that they waive within 21 days of mailing of this notification.  Otherwise summons will be served and the costs and expense of such will be sought at the close of proceedings.

**Kaufman County Courthouse**
**100 W. Mulberry**
**Kaufman, TX  75142**


Done under penalty of perjury under the laws of this state and 28 USC 1746.


ss: _Darius M_____ - Mr. DARIUS J PALMER


# EXHIBIT A

CREDIT DISPARAGEMENT WARNING NOTICE – CEASE AND DESIST NOTICE (FINAL DEMAND)

(NOTICE OF INTENT TO SUE AND NOTICE OF CLAIM)

VIA USPS CERTIFIED MAIL RRR 10/12/2018

AND BY NEXT DAY TRACKED MAIL & FED EX. ACCOUNTABLE MEANS


From:

DARIUS J PALMER

3017 Mill Creek Way

Forney, TX 75126


TO:

Nissan Finance - 8900 Freeport Parkway, Irving, TX 75063

NMAC - P.O. Box 660577 Dallas, TX 75266-0577

EXPERIAN CORP. – PO BOX 2002 ALLEN, TX 75013

EQUIFAX – PO BOX 740256 ATLANTA, GA 30374

TRANSUNION – PO BOX 34012 CHESTER, PA 19022

INNOVIS DATA SOLUTIONS – PO BOX 1640 PITTSBURGH, PA 15230-1640

CREDIT KARMA – 760 MARKET ST., SAN FRANCISCO, CA 94102

DUNN AND BRAD STREET

(At Corp. HQ Address as Direct Notice and Notice of falsification of Assets and Accounts Receivables)


ATTENTION ENTITY PERSONALLY VIA PRINCIPIAL OFFICERS/BUSINESS OWNERS PERSONALLY


RE: ERRONEOUS BUSINESS RECORDS HAD AND MAINTAINED RELIED UPON FOR ADVERSE DECISIONS ...

All adverse records, negative reports, and specifically credit accounts identified as: Model: 2016 NISSAN
SENTRA VIN: 3N1AB7AP6GL670509 Original Amount Finance claimed: $24,186.66


Dear Sir(s),

This is notice to You and by and through you to all for whom you act as agent and principal and
notice to principal is intended as notice to every agent, servant, workman, and privy with regards
hereto. Any reference to one of you herein includes each of you jointly and severally. I contacted a
specialist that I knew through friends and SEC investigators that I am friendly with to do me a favor and
see if they could forensically come up with some understanding and explanation. They suggested to me
that there were indications that the contracts underlying the obligations reporting as negative reports
and history on my credit reports – if any existed at all – had been securitized by the creditors possibly
for CUSIP and STRIPS registrations. The list of negative accounts, inquiries, and comments that I refer to

are annexed and listed in your respective databases. I likewise challenge every other negative report for the same reasons and as to any soft and hard inquiries I have not authorized any within the last 8 months and ask that they be removed. Note the guarantor for payment and collection notice that ends this notice.

Regarding the above companies REPORTING ON MY CREDIT (Nissan Finance) I say to you and them that I do not protest and it is my every intent to honor any agreements. I unconditionally promise to settle this matter and pay or accept whatever you may present as an original from the Originator of and holder of the actual agreement (promise and note) that I tendered. There is no doubt that if we entered an agreement for payment and/or specific performance allowing assertion of demands to me that it carries with it certain rights and duties for the HOLDER on both sides of the fence. But it being a promise and note, the forensic accounting friend suggested that I need to find out who is acting against me and authorizing enforcement where I had spoken to the originators of the alleged debt contract and we had what I thought was an understanding that would have evaded the perception of a default and which would have likely avoided the perception of a default on promise, note, or whatever. I've looked into the Truth in Lending requirements (Reg Z) and state law under Reg. D (blue sky trading exceptions) and this securitization process does not seem to be possible without express disclosure to me and agreement by me due to the alterations to the original promise and note which I did not expressly authorize and which were not disclosed either. And even with that, I would have been and am – if securitization occurred – entitled to an offset or dividend of some type it seems like the laws are saying. And I have never received such and surely it could not have been applied to any balance being asserted as due and owing. Please feel free to clarify any misunderstanding that you feel to exist and to produce also with it any accounting and tax disclosures that I may be entitled to regarding the original issue discount items and adjustments which might be involved that I should perhaps know about.

Therefore, I RESPONDED in writing with NOTICE OF ACCEPTANCE AND UNCONDITIONAL PROMISE TO PAY AND PERFORM AS AGREED IN THE ORIGINAL INSTRUMENT/CONTRACT AGREEMENT CREATING THE LIABILITY UPON PRESENTMENT AND EXHIBITION OF THE ORIGINAL INSTRUMENT WHICH CREATED LIABILITY CLAIMED AND UPON WHICH AUTHORITY ASSERTED BY YOU IS PREDICATED UPON WHEREIN RIGHTS AND DUTIES ARE SPELLED OUT AND THE PARTIES SIGNED. I want to apprise myself of exactly who I am dealing with on all fronts I HAVE NOT HEARD these creditors nor from any of you TO DATE, PLEASE MAKE THE NEEDED CHANGES WITH ALL DUE HASTE. And notify the responsible parties of the challenge.

THE NEXT CORRESPONDENCE THAT YOU RECEIVE MAY BE FROM A COURT.

If you have not done so already, as I asked previously, please send me an excerpt copy of your databases information as it pertains to me associated with my name and Social Security Number so that I can see exhaustively what is provided as your consumer credit report AND BUSINESS RECORD REPORT pertaining to me and that transaction to other creditors and persons as it pertains to the listed debts and accounts. Your information both current and old is believed to be inaccurate and incomplete. Please identify and highlight for The Undersigned every negative remark currently on file, manner and source of verification of the negative items, and what authorization was represented by particular

creditors providing negative remarks showing their authority to authenticate their authority to disseminate or otherwise use – relative to the reporting – The Undersigneds' SSN and DRL information.

**As to collections I back every obligation I have with my full commercial and personal liability, I will never default intentionally nor dishonor any bonafide obligation or debt. There is no collateral securing the obligations that are being claimed it does not seem. Hence it would be appreciated if the credit reporting bureaus give me email notification prior to or concurrent with any reporting delinquency or nonpayment as well as regarding those doing soft or hard inquiries and as far as any matter which if left unattended or which if unnoticed would tend to negatively impact my credit score overall or creditworthiness.**

Very Truly Yours,

/s/ x _Darius_ ⌐◯◯ [L.S./SEAL]

DARIUS J PALMER ▆▆▆▆▆▆▆

3017 Mill Creek Way

Forney, TX 75126

Attachment(s)

CC: EVERY CREDITOR REPORTING DISCOVERABLE ADVERSE INFORMATION IN YOUR FILES

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED  Darius  Palmer  VS  Progressive  Insurance  Company

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name<br>Darius Palmer<br><br>Address<br>5017 Mill Creek Way<br><br>City/State/Zip<br>Forney/Tx/ 75126<br><br>Signature<br>Darius | Email:<br>dariuspalmer23@gmail.com<br><br>Telephone<br>972-941-0344<br><br>Fax<br><br>State Bar No | Plaintiff(s)/Petitioner(s)<br>Darius Palmer<br><br>Defendant(s)/Respondent(s)<br>Progressive<br>Insurance company<br><br>[Attach additional page as necessary to list all parties] | ☐Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other:<br><br>Additional Parties in Child Support Case:<br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>  Liability:<br><br>☒Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>  List Product<br><br>☐Other Injury or Damage | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| **Employment** | | **Other Civil** | **Other Family Law** | **Parent-Child Relationship** | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | ☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other | ☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐Less than $100,000 and non-monetary relief<br>
☐Over $100,000 but not more than $200,000<br>
☐Over $200,000 but not more than $1,000,000<br>
☐Over $1,000,000

Rev 2/13





**Rhonda Hughey**
Kaufman County District Clerk
100 West Mulberry
Kaufman, TX 75142
972-932-0279

## NOTICE

### *TO PERSONS FILING DOCUMENTS*
### *THAT ARE NOT PREPARED BY AN ATTORNEY*

The Deputy Clerks in this office are not attorneys. therefore are prohibited from giving advice, answering legal questions or giving instructions with regard to divorce or any other Court proceedings. WE CANNOT answer questions about papers you wish to file nor procedures to obtain a Court decision.

For the above stated reason, we advise you to consult an attorney or seek legal counsel if you have any questions or are unsure as to what you need to do.

If you pursue a legal action without attorney representation. we will file the documents you present to us and collect the filing fee at the time of filing. After review. the Judge may reject the papers as filed. Papers declaring an inability to pay court costs may be contested.

We do not comply with instructions or information you may have read or obtained. We perform our clerk duties in accordance with the law of the State of Texas. Directives in divorce "kits" are not binding on the Clerk and we do not process documents in accordance with any rules or instruction other than the governing law and signed Court orders.

Your papers may be served by the Sheriff's office or a private process server. If you use a process server you must contact one on your own. If you request a *citation by publication* you must make your own arrangements with the newspaper and pay them directly for the publication.

I HAVE READ AND UNDERSTAND THE ABOVE INFORMATION. I UNDERSTAND THAT THE DISTRICT CLERK OR DEPUTIES IN THE DISTRICT CLERK'S OFFICE ARE PROHIBITED FROM ANSWERING QUESTIONS, ADVISING OR GIVING LEGAL OPINIONS.

*Deruy A*
SIGNATURE

*Darius Palmer*
PRINTED NAME

10-22-2018
DATE

PERSONAL CITATION          **CAUSE # 101001-422**
THE STATE OF TEXAS

    NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **Nissan Finance**
    **Resident Agent /Reg Agent & Business Owner Personally**
    **8900 Freeport Parkway**
    **Irving TX 75063**

Respondent Greetings:
    YOU ARE HEREBY COMMANDED to appear before the Honorable 422nd District Court, Kaufman County, Texas, by filing a written answer to the **Complaint for Injunctive,Declaratory, and Other Warranted Relief** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation in Cause Number **101001-422**, styled Darius Palmer Vs. Nissan Finance, NMAC, et al, filed in said court on October 22, 2018. WITNESS: RHONDA HUGHEY, District Clerk of Kaufman County, Texas.

    Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 22nd day of October, 2018.

RHONDA HUGHEY
DISTRICT CLERK
100 W. Mulberry St
Kaufman, TX 75142

By _Maria Olivares_ , Deputy
Maria Olivares

Attorney for Plaintiff:
Darius J. Palmer,Pro Se
3017 Mill Creek Way
Forney TX 75126

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20 ____ at _____, o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:_____
and the cause or failure to execute this process is:_____
and the information received as to the whereabouts of said defendant
being_____

FEES:

Serving Petition and Copy   $_____       Total   $_____

                                _____, Officer
                                _____, County, Texas
                    By:_____, Deputy

                    Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
               (First, Middle, Last)

_____.

(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of

_____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

PERSONAL CITATION                          CAUSE # 101001-422
THE STATE OF TEXAS

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: NMAC
   **Attn Resident Agent/ Reg Agent & Business Owner Personally**
   **POBox 660577**
   **Dallas TX 75266-0577**

Respondent Greetings:

YOU ARE HEREBY COMMANDED to appear before the Honorable 422nd District Court, Kaufman County, Texas, by filing a written answer to the **Complaint for Injunctive,Declaratory, and Other Warranted Relief** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation in Cause Number **101001-422,** styled Darius Palmer Vs. Nissan Finance, NMAC, et al, filed in said court on October 22 ,2018. WITNESS, RHONDA HUGHEY, District Clerk of Kaufman County, Texas.

Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 22nd day of October, 2018.

RHONDA HUGHEY
DISTRICT CLERK
100 W. Mulberry St
Kaufman, TX 75142

By_____ Deputy
Maria Olivares

Attorney for Plaintiff:
Darius J. Palmer,Pro Se
3017  Mill Creek Way
Forney TX  75126

**OFFICER'S RETURN**

Came to hand on the _____ day of _____ 20___ at_____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:_____
and the cause or failure to execute this process is:_____
and the information received as to the whereabouts of said defendant
being_____
FEES:
Serving Petition and Copy      $_____          Total          $_____
                                                          _____, Officer
                                                          _____, County, Texas
                                                          By:_____, Deputy
                                                          _____
                                                          Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
             (First, Middle, Last)

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of
_____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

PERSONAL CITATION                                    **CAUSE # 101001-422**
THE STATE OF TEXAS

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **Experian Corp.**
**Attn Resident Agent/Reg Agent and Business Owners Personally**
**POBox 2002**
**Allen TX 75013**

Respondent Greetings:

YOU ARE HEREBY COMMANDED to appear before the Honorable 422nd District Court, Kaufman County, Texas, by filing a written answer to the **Complaint for Injunctive,Declaratory, and Other Warranted Relief** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation in Cause Number **101001-422,** styled Darius Palmer Vs. Nissan Finance, NMAC, et al, filed in said court on October 22, 2018. WITNESS, RHONDA HUGHEY, District Clerk of Kaufman County, Texas.

Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 22nd day of October, 2018.

RHONDA HUGHEY
DISTRICT CLERK
100 W Mulberry St
Kaufman, TX 75142

By_____ Deputy
Maria Olivares

Attorney for Plaintiff:
Darius J. Palmer,Pro Se
3017 Mill Creek Way
Forney TX 75126

### OFFICER'S RETURN

Came to hand on the \_\_\_\_\_ day of _____ 20\_\_\_\_ at _____, o'clock \_\_\_\_\_.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:_____
and the cause or failure to execute this process is:_____
and the information received as to the whereabouts of said defendant
being_____
FEES:
Serving Petition and Copy          $_____                    Total          $_____

_____, Officer
_____, County, Texas
By:_____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
    (First, Middle, Last)

_____.

(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of
_____.


_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

CITATION-NON RESIDENT NOTICE, Either Court Class 4          **Cause # 101001-422**
THE STATE OF TEXAS

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Equifax
   **Attn Resident Agent/Reg Agent and Business Owner Personally**
   POBox 740256
   Atlanta GA  30374

Respondent, Greetings:

YOU ARE HEREBY COMMANDED to appear by filing a written answer to the Complaint For Injunctive ,Declaratory and Other Warranted Relief at or before ten o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation before the Honorable 422nd District Court of Kaufman County, Texas, at the Courthouse of said County in Kaufman, Texas.

Said Plaintiff's Petition was filed in said Court, on the October 22, 2018, in this cause, numbered 101001-422 on the docket of said Court and styled Darius Palmer, Vs. Nissan Finance, NMAC, et al.

The nature of Plaintiff's demand is fully shown by a true and correct copy of  COmplaint For Injunctive ,Declaratory and Other Warranted Relief accompanying this citation.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Kaufman, Texas,  on this the 22nd day of October, 2018.

                    RHONDA HUGHEY
                    DISTRICT CLERK
                    100 W.Mulberry St
                    Kaufman, TX 75142
                    by _Maria Olivares_ _____ Deputy
                       Maria Olivares

Attorney for Plaintiff:
Darius J. Palmer,Pro Se
3017  Mill Creek Way
Forney TX  75126

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____ by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

**Name**                    **Date/Time**          **Place, Course and Distance from Courthouse**
_____          _____          _____

And not executed as to the defendant(s),
_____

The diligence used in finding said defendant(s) being _____
and the cause or failure to execute this process is _____
and the information received as to the whereabouts of said defendant
being _____

**FEES:**

Serving Petition and Copy $_____          Total     $_____

_____, Officer
_____, County,
By: _____, Deputy

Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
                    (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____day of
_____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

CITATION-NON RESIDENT NOTICE, Either Court Class 4       **Cause # 101001-422**
THE STATE OF TEXAS

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **Transunion**
    **Attn Resident Agent/Reg Agent and Business Owner Personally**
    **POBox 34012**
    **Chester PA 19022**

Respondent, Greetings:

YOU ARE HEREBY COMMANDED to appear by filing a written answer to the COmplaint For Injunctive ,Declaratory and Other Warranted Relief at or before ten o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation before the Honorable 422nd District Court of Kaufman County, Texas, at the Courthouse of said County in Kaufman, Texas.

Said Plaintiff's Petition was filed in said Court, on the October 22, 2018, in this cause, numbered 101001-422 on the docket of said Court and styled Darius Palmer, Vs. Nissan Finance, NMAC, et al.

The nature of Plaintiff's demand is fully shown by a true and correct copy of COmplaint For Injunctive ,Declaratory and Other Warranted Relief accompanying this citation.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 22nd day of October, 2018.

        RHONDA HUGHEY
        DISTRICT CLERK
        100 W Mulberry St
        Kaufman, TX 75142
        by _Maria Olivares_ Deputy
        Maria Olivares

Attorney for Plaintiff:
Darius J. Palmer,Pro Se
3017 Mill Creek Way
Forney TX 75126

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and executed in _____ by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

_____

The diligence used in finding said defendant(s) being _____

and the cause or failure to execute this process is _____

and the information received as to the whereabouts of said defendant

being _____

**FEES:**

Serving Petition and Copy   $ _____      Total   $ _____

_____, Officer

_____, County,

BY: _____, Deputy

_____

Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107, the officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
                    (First, Middle, Last)

_____

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of

_____.

_____

Declarant/Authorized Process Server

_____

(Id # & expiration of certification)

CITATION-NON RESIDENT NOTICE, Either Court Class 4          **Cause # 101001-422**
THE STATE OF TEXAS

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **Innovis Data Solutions**
   **Attn Resident Agent/Reg Agent and Business Owner Personally**
   **POBox 1640**
   **Pittsburgh PA  15230-1640**

Respondent, Greetings:

YOU ARE HEREBY COMMANDED to appear by filing a written answer to the Complaint For Injunctive ,Declaratory and Other Warranted Relief at or before ten o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation before the Honorable 422nd District Court of Kaufman County, Texas, at the Courthouse of said County in Kaufman, Texas.

Said Plaintiff's Petition was filed in said Court, on the October 22, 2018, in this cause, numbered 101001-422 on the docket of said Court and styled Darius Palmer. Vs. Nissan Finance, NMAC, et al.

The nature of Plaintiff's demand is fully shown by a true and correct copy of  COmplaint For Injunctive ,Declaratory and Other Warranted Relief, accompanying this citation.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Kaufman, Texas,  on this the 22nd day of October, 2018.

RHONDA HUGHEY
DISTRICT CLERK
100 W Mulberry St
Kaufman, TX 75142
by _____ Deputy
Maria Olivares

Attorney for Plaintiff:
Darius J. Palmer,Pro Se
3017  Mill Creek Way
Forney TX  75126

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and executed in _____ by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

**Name**                **Date/Time**              **Place, Course and Distance from Courthouse**

_____       _____       _____

And not executed as to the defendant(s),

_____

The diligence used in finding said defendant(s) being _____
and the cause or failure to execute this process is _____
and the information received as to the whereabouts of said defendant
being _____

**FEES:**

Serving Petition and Copy $_____          Total   $_____

_____, Officer

_____, County,

By: _____, Deputy

Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107, The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
            (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____day of

_____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

CITATION-NON RESIDENT NOTICE, Either Court Class 4       **Cause # 101001-422**
THE STATE OF TEXAS

     NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **Transunion**
     **Atty for Transunion**
     **POBox 34012**
     **Chester PA 19022**

Respondent, Greetings:

     YOU ARE HEREBY COMMANDED to appear by filing a written answer to the COmplaint For Injunctive ,Declaratory and Other Warranted Relief at or before ten o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation before the Honorable 422nd District Court of Kaufman County, Texas, at the Courthouse of said County in Kaufman, Texas.

     Said Plaintiff's Petition was filed in said Court, on the October 22, 2018, in this cause, numbered 101001-422 on the docket of said Court and styled Darius Palmer Vs. Nissan Finance, NMAC, et al.

     The nature of Plaintiff's demand is fully shown by a true and correct copy of COmplaint For Injunctive ,Declaratory and Other Warranted Relief accompanying this citation

     The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

     Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 22nd day of October, 2018.

       RHONDA HUGHEY
       DISTRICT CLERK
       100 W Mulberry St
       Kaufman, TX 75142
       by _Maria Olivares_ Deputy
         Maria Olivares

Attorney for Plaintiff:
Darius J. Palmer, Pro Se
3017 Mill Creek Way
Forney TX 75126

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20 ____, at _____, o'clock ____.m., and executed in _____ by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being _____
and the cause or failure to execute this process is _____
and the information received as to the whereabouts of said defendant
being _____

**FEES:**
Serving Petition and Copy  $ _____       Total   $ _____

_____, Officer
_____, County,
BY: _____, Deputy
Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107, The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
        (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of
_____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

Filed: 11/19/2018 7:26 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas
Susan Cook Mendoza

## CAUSE NO. 101001-422

| | |
|---|---|
| DARIUS PALMER, | § IN THE DISTRICT COURT |
| | § |
| Plaintiff, | § |
| | § |
| v. | § 422ND JUDICIAL DISTRICT COURT |
| | § |
| NISSAN FINANCE, ET AL, | § |
| | § |
| Defendant. | § |
| | § KAUFMAN COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND OTHER WARRANTED RELIEF

COMES NOW, Defendants Nissan Finance and NMAC (collectively "Defendant") in the above entitled and numbered case and files this its Original Answer to Plaintiff's cOMPLAINT for Injunctive, Declaratory, and other Warranted Relief (the "Petition") and would respectfully show the Court the following:

### General Denial

1.      Defendants generally deny each of the allegations in Plaintiff's Petition and demands strict proof thereof.

### Affirmative Defenses

2.      Plaintiff fails to state a claim against Defendant upon which relief may be granted.

For the reasons stated above, Defendants Nissan Finance and NMAC request Plaintiff takes nothing by his Petition, and for such other and further relief for which it may be entitled.

Respectfully submitted,

**McGLINCHEY STAFFORD**

By: _/s/ Aimee G. Szygenda_
**R. DWAYNE DANNER**
State Bar No. 00792443
**AIMEE G. SZYGENDA**
State Bar No. 24027054
Three Energy Square
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Telephone: (214) 445-2445
Facsimile: (214) 445-2450
ddanner@mcglinchey.com
aszygenda@mcglinchey.com

*ATTORNEYS FOR DEFENDANT NISSAN
MOTOR ACCEPTANCE CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2018, a true and correct copy of the foregoing pleading has been served on all parties via TXCourts.gov e-serve or certified mail, return receipt requested as indicated below:

### _Via First Class Mail and CMRRR 9414 7266 9904 2022 7514 53_

Darius Palmer
39515 Foreman Road
Polson, MT 59860

_/s/ Aimee G. Szygenda_
**AIMEE G. SZYGENDA**

Filed: 11/19/2018 12:00 AM
Rhonda Hughey
District Clerk
Kaufman County, Texas
Susan Cook Mendoza

CAUSE NO. 101001-422

| | |
|---|---|
| DARIUS J. PALMER, | §    IN THE DISTRICT COURT |
|      *Plaintiff,* | § |
| v. | § |
| | §    422ND JUDICIAL DISTRICT |
| INNOVIS DATA SOLUTIONS, INC., *et al.* | § |
|      *Defendants.* | §    KAUFMAN COUNTY, TEXAS |

## DEFENDANT INNOVIS DATA SOLUTIONS, INC.'S
## MOTION TO DISMISS, SPECIAL EXCEPTIONS, AND ORIGINAL ANSWER

In response to Plaintiff's Complaint, Defendant Innovis Data Solutions, Inc. ("Innovis")

files this Motion to Dismiss, Special Exceptions, and Original Answer, stating as follows:

### I.    SUMMARY

This Honorable Court should dismiss or abate Plaintiff's claims against Innovis because:

1.      The Complaint's central claim against Innovis – that Innovis reported that Plaintiff

owed money to Nissan without sending Plaintiff a copy of the loan agreement – "has no basis in

law" and should therefore be dismissed pursuant to Texas Rule of Civil Procedure 91a.1.

2.      The Complaint does not allege that Innovis owed Plaintiff a duty under common

law or statutory law, nor does it allege that Innovis violated any such duty.  To the contrary, the

Complaint alleges only that one or more "Defendant(s)" have allegedly violated the "COMMON

LAW ... FAIR CREDIT REPORTING ACT AS IMPLEMENTED AS STATE LAW AND

CONSUMER PROTECTIONS, STATE FAIR DEBT COLLECTION LAW, AND CONSUMER

PROTECTION LAWS."  Complaint at ¶ A(i); *see also id.* at ¶ 21 (making a similar allegation).

The Complaint thus fails "to give fair notice of the claim involved" and fails to identify the size of

its claim for money damages.  Tex. R. Civ. P. 47(a); 47(c).  Innovis therefore raises a special

exception to these insufficiencies pursuant to Texas Rule of Civil Procedure. 91.

## II.   STANDARD OF REVIEW

Texas follows a fair-notice pleading standard; the opposing party must be able to ascertain the nature and basic issues of the controversy and what testimony will be relevant from the pleading. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

The purpose of fair-notice pleading is to provide a defendant with sufficient information to prepare a defense. *Id.* at 897.

Courts will liberally construe *pro se* pleadings. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, *pro se* litigants, just like licensed attorneys, must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

A defendant may challenge the sufficiency of a plaintiff's pleading through special exceptions. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998).

A special exception is appropriate if "the pleadings are not clear or sufficiently specific or fail to plead a cause of action." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); see Tex. R. Civ. P. 91.

The special exceptions must identify the particular pleadings excepted to and any defects or insufficiency so the plaintiff, if possible, can correct them by amendment. *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897; Tex. R. Civ. P. 91.

If requested by special exception, a trial court also may require a plaintiff to amend its petition to specify the maximum amount of damages claimed. *Ford v. Performance Aircraft Servs., Inc.*, 178 S.W.3d 330, 335 (Tex. App.—Fort Worth 2005, pet. denied); Tex. R. Civ. P. 47.

### III.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PER RULE 91a.

Plaintiff's claims against Innovis should be dismissed under Texas Rule of Civil Procedure 91a.1 because they have no basis in law.  Plaintiff's central claim against Innovis appears to be that

a)   Plaintiff allegedly sent Innovis a letter on October 12, 2018, which alleged that creditors were collecting, and Innovis was reporting, debts – including a loan for a Nissan Sentra automobile – that "had been securitized" without Plaintiff's consent, and that the law required Innovis to stop collecting or reporting these debts until it gave Plaintiff "PRESENTMENT AND EXHIBITION OF THE ORIGINAL INSTRUMENT WHICH CREATED LIABILITY" (Complaint at Exhibit A; *see also id.* at ¶¶ 11, 15);

b)   Innovis allegedly did not respond to that letter (*Id.* at ¶ 13); and

c)   Innovis allegedly must acknowledge that Plaintiff own a Nissan Sentra and other property free and clear of all liens and encumbrances on title.  *Id.* at ¶ 18.

This claim lacks a legal basis, for the reasons that follow.

### A.   Plaintiff does not claim that Innovis reported anything inaccurately.

The Complaint alleges that Innovis received information from creditors including Nissan and reported that information to third parties, which has allegedly "negatively impacted" Plaintiff. Complaint at ¶¶ A(iii)-A(iv).

These allegations fail to state a claim for which relief can be granted.  To state a claim under the consumer reporting laws, "a plaintiff must demonstrate that his or her credit report sports an actual inaccuracy." *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66 (1st Cir. 2008); see also *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (affirming defense

judgment on claims under the California CCRAA because "plaintiff filing suit ... must make a *prima facie* showing of inaccurate reporting"). Plaintiff has failed to meet this burden.

Plaintiff's Complaint does not allege that Innovis reported inaccurate information to a third party. Indeed, the Complaint fails to identify the information that Innovis allegedly reported, the third party to whom Innovis allegedly reported it, and why the information was allegedly inaccurate. Therefore, the Complaint fails to state a claim against Innovis.

### B.    Innovis is not required to adopt Plaintiff's legal theory.

The Complaint alleges that if Nissan lent money to Plaintiff (to enable Plaintiff to buy a Nissan Sentra) and then securitized the loan without Plaintiff's knowledge or consent, then Plaintiff no longer has a legal obligation to repay the loan, and Innovis should report that Plaintiff owes nothing to Nissan. Complaint at ¶¶ 11, 15, 18.

The First Circuit Court of Appeal considered and resolved a similar claim in *DeAndrade*. In that case, the Plaintiff admitted that they borrowed money to purchase windows, but they claimed that they did not owe the money because the signatures on some loan documents were forged, and because they had not ratified the loan. The First Circuit stated that:

> Here, there is no dispute that DeAndrade received windows financed by a mortgage on his home; what DeAndrade is attacking is the mortgage's validity. Whether the mortgage is valid turns on questions that can only be resolved by a court of law, such as whether DeAndrade ratified the loan. This is not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue that a credit agency such as Trans Union is neither qualified nor obligated to resolve under the [consumer reporting laws].

*DeAndrade*, 523 F.3d at 68 (granting defense judgment); *see also Carvalho*, 629 F.3d at 891-892 (affirming defense judgment because "[C]redit reporting agencies are not tribunals" and "reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts").

Likewise, Plaintiff acknowledges having borrowed money to buy a Nissan Sentra. Complaint at Exhibit A ("Regarding the above companies REPORTING ON MY CREDIT (Nissan Finance) I say to you and them that ... I unconditionally promise to settle this matter and pay or accept whatever you may present as an original from the Originator of and holder of the actual agreement (promise and note) that I tendered").

However, Plaintiff now claims not to owe the money, because Nissan may have securitized the loan without prior consent. Complaint at ¶¶ 11, 15, 18. Whatever the merits of that claim, under *DeAndrade,* it raises "a legal issue that [Innovis] is neither qualified nor obligated to resolve." Plaintiff's claims to the contrary should be dismissed.

## C.    Innovis had no duty to provide original loan documents to Plaintiff.

Plaintiff claims that Innovis should be precluded from reporting that Plaintiff owes money to Nissan, because nobody has provided Plaintiff with an original copy of the Nissan loan.

This is not a common claim, but one federal district court considered it and found that it lacks merit. *Butler v. Midland Funding,* No. 3:17-cv-422, 2018 U.S. Dist. LEXIS 102289 (N.D. Fla. May 17, 2018) (recommending that claim be dismissed); *aff'd,* 2018 U.S. Dist. LEXIS 101412 (N.D. Fla. June 18, 2018).

In *Butler,* a *pro se* plaintiff sued creditors and consumer reporting agencies, claiming that they violated the FCRA because, when he "'consistently asked' the defendants 'for the original documentation with an original wet signature along with the accounting history showing when the account was first opened and the date of last payment made,'" his requests went "'unnoticed without any answer and then to be told that the accounts have been verified without proof.'" 2018 U.S. Dist. LEXIS 102289, at *2.

The *Butler* court dismissed the plaintiff's claim because: a) the plaintiff had not established that the consumer reporting agencies were reporting inaccurate information; and b) the FCRA does not require consumer reporting agencies to provide consumers with original loan documents. *Id.* at \*\*10-11.

Because Plaintiff appears to be making the same claims that the *Butler* court deemed to be without merit, this Court should dismiss Plaintiff's claims against Innovis.

### IV.   SPECIAL EXCEPTIONS PER RULE 91.

If this Court does not dismiss Plaintiff's claim against Innovis under Tex. R. Civ. P. 91a, then Innovis hereby raises special exceptions to Plaintiff's Complaint under Tex. R. Civ. P. 91.

Plaintiff's Complaint does not allege that Innovis committed a specific act or series of acts that breached a legal duty that Innovis owed to Plaintiff. Rather, the Complaint alleges that Innovis and the other Defendants "acted in concert to circumvent the intent of the laws cited herein without violating the wording of the law." Complaint at ¶ 23.

The Complaint does not allege that Innovis violated a specific legal duty that Innovis owed to Plaintiff. To the contrary, the Complaint alleges that Innovis acted "without violating" the law.

If the Court does not dismiss Plaintiff's claims against Innovis, the Court should take special exception to Plaintiff's Complaint and require Plaintiff to amend the Complaint to cure the defects in it by:

•   Specifically pleading which actions Innovis allegedly performed or failed to perform, which legal duties those actions or omissions allegedly breached, which principles and/or statutes of civil law support those legal duties, and why Innovis's alleged breaches of those duties caused Plaintiff harm; and

- Expressly stating a demand for money damages that complies with Tex. R. Civ. P. 47(c).

## V.   ANSWER – GENERAL DENIAL

Subject to its Motion to Dismiss and Special Exceptions, and pursuant to Texas Rule of Civil Procedure 92, Innovis generally denies each and every allegation in Plaintiff's Original Petition and demands strict proof thereof. As authorized by the Texas Rules of Civil Procedure, Innovis reserves the right to amend this pleading before trial of this cause on the merits.

## VI.   DEFENSES

1. Innovis pleads affirmatively that the sole and proximate cause of the injuries and damages alleged in the Petition were the action, non-action, or negligence of third parties other than Innovis for whose action, non-action, or negligence Innovis is in no way responsible or liable. Innovis had no control or right to control over such third-parties. Plaintiff is therefore not entitled to recover from Innovis in this action.

2. Innovis pleads affirmatively that the sole and proximate cause of the injuries and damages alleged in the Petition were the combination of actions, non-actions, or negligence of third parties other than Innovis for whose actions, non-actions, or negligence Innovis is in no way responsible or liable. Innovis had no control or right to control over such third-parties. Plaintiff is therefore not entitled to recover from Innovis in this action.

3. Innovis pleads affirmatively that any damages alleged by Plaintiff were caused by or contributed to by Plaintiff's own acts and/or omissions or the actions of person(s) or entities other than Innovis. Innovis asserts the defense of proportionate and/or comparative responsibility.

4.     Plaintiff may have waived and/or released any right to sue Innovis in the course of agreeing that one or more third parties had the right to obtain information from Innovis about Plaintiff.

5.     Innovis pleads that it has at all times complied with duties imposed by the Fair Credit Reporting Act and all other relevant and applicable law.

6.     Innovis's conduct toward Plaintiff was at no time unlawful, wrongful, or harmful.

7.     At all times relevant to this suit, Innovis acted in good faith and in compliance with all applicable laws.

8.     Innovis further asserts that the injuries and damages alleged in the Petition were caused by an intervening, superseding action for which Innovis is in no way liable.  Plaintiff is therefore not entitled to recover from Innovis in this action.

9.     Plaintiff's claims are barred as a whole or in part because none of the alleged acts or omissions of Innovis were the proximate cause of the injuries and damages allegedly sustained by Plaintiff.

10.     Pleading further, in the alternative, and as affirmative defenses, Defendant further asserts that Plaintiff's claims are barred by the doctrines of estoppels, collateral estoppels, laches, election of remedies, unconscionability, contrariness to public policy, failure to exhaust remedies, at-will employment, statutory compliance, unclean hands and/or justification.

11.     Any and all claims asserted by Plaintiff under Texas law are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681h(e), 1681t.

12.     Pleading further, in the alternative, and as an affirmative defense, Defendant would show that Plaintiff failed to mitigate Plaintiff's damages.

13.     Plaintiff has failed to plead damages with specificity as required by law.

14.     Plaintiff has not pled claims against Innovis to which relief can be granted.

15.     Plaintiff's claims are barred as a whole or in part by the applicable statutory ceiling(s) on recoverable damages, including but not limited to those found in Chapter 41 of the Texas Civil Practices & Remedies Code.

16.     Innovis denies any liability for punitive or exemplary damages.  In any event, Plaintiff's claims for exemplary damages are expressly limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to Section 41.008 of the Texas Civil Practice & Remedies Code.

17.     Innovis further alleges that exemplary or punitive damages are not proper in this case for the following reasons:

a.     They violate the excessive fines clause of the United States Constitution;

b.     They violate the equal protection clauses of the United States and Texas Constitutions;

c.     They violate the due process clauses of the United States and Texas Constitutions; and

d.     They amount to a criminal sanction and therefore, the burden of proof of "a preponderance of the evidence" is improper.

18.     Innovis reserves any and all rights that it has, under the due process clause of the United States Constitution, to challenge the quantum of and award of any punitive damages that may be sought or imposed against it.

19.     Innovis reserves its right to allege and raise such other and further affirmative defenses as may become evident during discovery in this matter.

**WHEREFORE, PREMISES CONSIDERED**, Defendant INNOVIS DATA SOLUTIONS, INC. prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

Bryan D. Pollard
State Bar No. 00795592
FISHERBROYLES, LLP
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
E-Mail: bryan.pollard@fisherbroyles.com
Telephone: (214) 984-7153
Facsimile: (214) 279-7192

ATTORNEY FOR DEFENDANT INNOVIS DATA SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that, on November 18, 2018, a true and correct copy of this document was served in accordance with the Texas Rules of Civil Procedure.

Bryan D. Pollard

Filed: 11/19/2018 2:37 PM
Rhonda Hughey,
District Clerk
Kaufman County, Texas
Michelle Lopez

CASE NO. 101001-422

| | |
|---|---|
| DARIUS J. PALMER, §<br>§<br>Plaintiff, §<br>§<br>§<br>v. §<br>§<br>NISSAN FINANCE, NMAC, EXPERIAN §<br>CORP., EQUIFAX, TRANSUNION, §<br>INNOVIS DATA SOLUTIONS, §<br>ANONYMOUS ATTORNEY 1, §<br>ANONYMOUS BUSINESSES §<br>CLAIMING TO BE CREDITORS, §<br>§<br>Defendants. §<br>§ | IN THE DISTRICT COURT OF<br><br>KAUFMAN COUNTY, TEXAS<br><br>422ND JUDICIAL DISTRICT |

## EXPERIAN INFORMATION SOLUTIONS, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Experian Information Solutions, Inc., ("Experian"), erroneously sued as "Experian Corp.," by and through its undersigned counsel, and answers Plaintiff Darius J. Palmer's Petition at follows:

### General Denial

Experian asserts a general denial of all matters pled by Plaintiff in this case. *See* TEX. R. CIV. P. 92. Experian demands that Plaintiff be required to prove each and every matter he has pled in this case as required by the Constitution and laws of the State of Texas.

### Affirmative Defenses

1.     The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to

state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

2.     All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

3.     Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

4.     Plaintiff has failed to mitigate his damages.

5.     Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

6.     Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

7.     Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

8.     Any and all state and common law claims Plaintiff brings against Experian are preempted by the federal Fair Credit Reporting Act.

9.     Experian alleges that it at all times followed reasonable procedures to assure the maximum possible accuracy of the credit information pertaining to Plaintiff.

2

10.    The Petition, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

11.    Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

### Prayer

For these reasons, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Petition herein and that this action be dismissed in its entirety;

(2)    For costs of suit and attorneys' fees herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

November 19, 2018                              Respectfully submitted,

*/s/ Rebecca Wernicke Anthony*
Rebecca Wernicke Anthony
Texas State Bar No. 24093345
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201-1515
Telephone:  (214) 969-4886
Facsimile:  (214) 969-5100

ATTORNEY FOR DEFENDANT,
EXPERIAN INFORMATION SOLUTIONS,
INC.

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the Texas Rules of Civil Procedure on November 19, 2018, including Plaintiff, who was served as follows:

***First Class Mail, Return Receipt Requested***
Darius J. Palmer
3017 Mill Creek Way
Forney, Texas 75126


*/s/ Rebecca Wernicke Anthony*
Rebecca Wernicke Anthony

4