## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DARIUS J. PALMER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-CV-3146-N(BH)** |
| | § | |
| **NISSAN FINANCE, NMAC, EXPERIAN** | § | |
| **CORP., EQUIFAX, TRANSUNION,** | § | |
| **INNOVIS DATA SOLUTIONS,** | § | |
| **ANONYMOUS ATTORNEY 1,** | § | |
| **ANONYMOUS BUSINESSES** | § | |
| **CLAIMING TO BE CREDITORS,** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are *Defendant Innovis's Motion to Dismiss or, in the alternative, for a More Definite Statement*, filed November 30, 2018 (doc. 6); *Defendant Trans Union LLC's 12(B)(6) Motion to Dismiss Plaintiff's Complaint*, filed December 5, 2018 (doc. 11); *Defendant Experian Information Solutions, Inc.'s Motion for Judgment on the Pleadings,* filed December 18, 2018 (doc. 16); and the plaintiff's *Motion to Strike, Overrule, and Deny Defendants Motion to Remove and to Remand and Proceed Regarding Substantive and Common Law Jural Rights Protections*, filed January 8, 2019 (doc. 24).  Based on the relevant filings and applicable law, the plaintiff's motion should be **GRANTED**, and the defendants' motions should be **DENIED as moot**.

### I. BACKGROUND

On October 22, 2018, Darius J. Palmer sued Nissan Finance, NMAC, Experian Corp. (Experian), Equifax, Transunion, Innovis Data Solutions (Innovis) (collectively Defendants), "Anonymous Attorney 1" (Attorney), and "Anonymous Business Claiming to be Creditors"

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management.

(Business), in the 422nd District Court of Kaufman County, Texas, alleging that there is an invalid

lien on his vehicle, and that information about that lien is improperly included in his credit report.

(doc. 1-1 at 2-16.)[2]  His state court petition states:

> This is a pre-suit activities and 'self-help/private administrative processes' /action intended to REVIEW THE TRANSACTIONS AND INQUIRE INTO THE RECORDS APPERTAINING TO OBTAIN DECLARATION OF THE RIGHTS, DUTIES, AND LEGAL RELATIONS OF THE PARTIES INVOLVED in a CREDIT REPORTING EVENT AND CREDITOR-DEBTOR TRANSACTION where Plaintiff has notified the Defendants to cease and desist unless certain foundational documents to verify and validate the existence of enforcement and collection authority and other matters precedent to collections and claims of default AND HOPEFULLY TO THEN GAIN THE RELEASE OF ALL LIENS AND ENCUMBRANCES ON TITLE AND ADVERSE REMARKS, AND FOR DAMAGES - IF ANY - [HYBRID COMBINED COMMON LAW, DECLARATORY RELIEF, FAIR CREDIT REPORTING ACT AS IMPLEMENTED AS STATE LAW AND CONSUMER PROTECTIONS, STATE FAIR DEBT COLLECTION LAW, AND CONSUMER PROTECTION LAWS PRE-SUIT ACTIVITIES AND 'SELF-HELP/PRIVATE ADMINISTRATIVE PROCESSES'].

(*Id.* at 3-4 (formatting in original)).  He seeks a "$7,500.00 Judgment" against Experian, Equifax,

Transunion, Innovis, and "the creditor(s) reporting adverse information and not authorizing removal,

all severally and interchange[a]bly," as well as a "$2,500.00 Judgment" against their defense counsel

"jointly and interchange[a]bly."  (*Id.* at 10.)  He also seeks a temporary restraining order (TRO)

"enjoining any further collection and/or reporting activities . . . regarding any claims of lien and

interest in title by Nissan Finance Persons," an unspecified TRO against "Nissan Finance Persons,"

and declaratory judgment as to "the rights, duties, and legal relations of the parties to these opposing

interests and pre-suit activities and 'self-help/private administrative processes.'" (*Id.*)

On November 28, 2018, Experian and Innovis removed the action, asserting federal question

---

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

jurisdiction under 28 U.S.C. § 1331.  (*See* doc. 1.)[3]  They contend that Plaintiff asserts claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* (*Id.* at 2.)

On November 30, 2018, Innovis moved to dismiss Plaintiff's claims, or alternatively, for a more definite statement.  (doc. 6.)  Transunion also moved to dismiss his claims on December 5, 2018, and on December 18, 2018, Experian moved for judgment on the pleadings.  (docs. 11, 16.) Plaintiff did not respond to the motions, but instead moved on January 8, 2019, to strike Defendants' motions and to remand this action.  (doc. 24.)  Defendants jointly responded to the motion on January 29, 2019 (doc. 26), but he did not reply.

## II. MOTION TO REMAND

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action.  28 U.S.C. § 1441(a).  A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States.  *Id.* § 1331.  Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties.  *Id.* § 1332(a). When a civil action is removed solely under 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* at § 1446 (b)(2).

"Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and

---

[3]  The joint notice of removal states that "all named defendants who have been served or who have otherwise received a copy of the Petition in the State Court Action consent to removing the above-captioned action to this Court." (doc. 1 at 2.)

3

(2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993). To determine whether it has federal jurisdiction over the removed case, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* "This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Fraire v. Budget Rent-A-Car of El Paso, Inc.*, No. EP-10-CV-338-PRM, 2011 WL 3678584, at *2 (W.D. Tex. Mar. 31, 2011) (citing *Burks*, 8 F.3d at 303). If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

"[W]hen a court performs its duty to verify that it has jurisdiction, it may be required to survey the entire record, including the defendant's pleadings, and base its ruling on the complaint, on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992) (citation omitted); *see also Smith v. Estate of Wagner*, No. CIV A H 06–02629, 2006 WL 2729282, at *3 (S.D. Tex. Sept. 25, 2006) (explaining that a "court . . . [may] consider the defendant's notice of removal, other pleadings, and the record as of the time of removal if necessary to shed light on the plaintiff's pleadings"). "The purpose of this careful survey, however, is to shed light on the plaintiff's pleadings. The court's focus is on the plaintiff's pleadings, not the defendant's." *Aquafaith*, 963 F.2d at 808.

A.    <u>**Procedural Defect**</u>

Plaintiff contends that removal was not proper because Defendants "waited until their time

4

has nearly lapsed" before removing this case to federal court. (doc. 24 at 2.) Defendants liberally construe this argument as alleging that their removal was untimely under 28 U.S.C. § 1446(b). (doc. 26 at 4-7.) They argue that because they were never properly served in the state court action, the deadline to remove this matter has not passed, so the removal was timely. (*Id.* at 7.)

Removal of a civil action or proceeding from a state court must occur within thirty days after a defendant receives a pleading, motion, or other paper that suggests the existence of federal jurisdiction. 28 U.S.C. § 1446(b); *see generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). The Fifth Circuit has interpreted § 1446 to mean that "a defendant's right to removal runs from the date on which it is formally served with process." *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014). Until formally served with process, a defendant has no obligation to appear in court or defend an action before it, and the thirty-day removal period does not begin to run until that time. *Id.* (citing *Michetti Pipe*, 526 U.S. at 350). "[T]he term 'service of process' is defined by state law." *Id.* at 304 (quoting *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)).

Here, the state court docket sheet states that the defendants were "Unserved." (*See* doc. 5-3 at 1.)[4] The officer's return on each of the citations to the defendants is blank, and there is no certified mail return receipt or other proof of service in the state court record. (*See* doc. 1-1 at 19-

---

[4]Under Texas law, any person authorized by Texas Rule of Civil Procedure 103 may serve process by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2). Rule 103 provides that process "may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103. For service to be effective, the return receipt must be signed by the addressee. Tex. R. Civ. P. 107(c); *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir.2010) (per curiam); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex.App.-San Antonio 2001, pet. denied). A return of service is *prima facie* evidence of the manner of service. *See Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd by* 383 F. App'x 380 (5th Cir. 2010) (per curiam).

31.)[5]  Plaintiff did not dispute the allegation that Defendants were properly served.  Because there

is no evidence that Defendants were ever properly served, the thirty-day removal period has not yet

begun.  *See Thompson*, 775 F.3d at 304; *see, e.g., Shaffer v. Green Earth Techs., Inc.*, No.

SA-CV-00451-XR, 2017 WL 2628883, at *2 (W.D. Tex. June 19, 2017) ("In short, under the

Supreme Court's decision in *Michetti Pipe* and the Fifth Circuit's decision in *Thompson*, the 30-day

time limit to remove runs from the date of formal service of process, and the record here shows that

Plaintiff never served Defendant with formal process. This failure prevents the 30-day time limit

from running against Defendant, and for this reason, removal is timely in this regard.").

    Defendants' removal of the case to federal court was not untimely, and remand on this basis

is not warranted.

**B.    Jurisdictional Defect**

    Plaintiff argues that this case should be remanded because he did not intend for the case to

be tried in federal court, and the removal "is barred by the rule that the Litigant is the master of their

[sic] complaint and may freely choose their [sic] venue and forum within the allowable limits of the

law." (doc. 24 at 2.)  He contends that "[t]his case was brought in state court because it does not

pertain to anything that the state court cannot handle," and that "[s]tate law controls. . . ."  (*Id.*)

Defendants respond that he "pleads claims arising under two 'laws of the United States,' namely"

the FCRA and the FDCPA, so removal was proper.  (*See* doc. 26 at 7.)

    Generally, a defendant may not remove a state case to federal court unless the face of the

---

[5]Defendants note that the state court record contradicts Plaintiff's claim that he mailed copies of his petition on October 16, 2018.  (*See* doc. 26 at 2 (citing doc. 1-1 at 13).)  They also attach unauthenticated copies of what they allege are summonses mailed to their post office boxes on October 23, 2018, that were not "directed to [their] registered agent[s] or [their] officers, and [which] did not contain a copy of Plaintiff's" petition.  (*See* docs. 26 at 2-3; 26-1; 26-2; 26-3; 26-4.)

plaintiff's well-pleaded complaint "establishes that the cause of action arises under federal law." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983)). The Supreme Court has recognized two ways in which a case can "arise under" federal law. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Id.* (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action")); *see, e.g., Payton v. GC Services Ltd. Partnership*, No. 3:08-CV-1967-G, 2009 WL 235196, at *2-3 (N.D. Tex. Feb. 2, 2009) ("Where, however, the plaintiff's well-pleaded complaint establishes that federal law creates the cause of action, the case arises under federal law, conferring jurisdiction on the federal courts." ) These suits account for the vast majority of cases that arise under federal law. *See Gunn*, 568 U.S. at 257.

There is also a "special and small category" of claims based on state rather than federal law "in which arising under jurisdiction still lies," however. *Id.* (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). A claim with origins in state rather than federal law still "arises under" federal law if a federal issue is: "(1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Nevertheless, the Supreme Court and the Fifth Circuit have consistently noted "the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Singh*, 538 F.3d at 338 (citing *Merrell Dow*

*Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)); *see also Grable & Sons Metal Prod., Inc.,*

545 U.S. at 314 (the Supreme Court has never "treated 'federal issue' as a password opening federal

courts to any state action embracing a point of federal law").  Even the "fact that a substantial federal

question is necessary to the resolution of a state-law claim is not sufficient to permit federal

jurisdiction." *Id.* (citation omitted).  "Likewise, 'the presence of a disputed federal issue ... [is]

never necessarily dispositive.'" *Id.* (citation omitted).  Rather, all four *Gunn* factors must be met.

*See id.* (reciting the same four factors although the case predated *Gunn*);  *see also Marren v. Stout,*

930 F. Supp.2d 675, 681 (W.D. Tex. 2013) (citing *Singh*, 538 F.3d at 338) ("If any one of these four

prongs is not satisfied, a court should not exercise federal-question jurisdiction.").

### 1.    *Federally-Created Claims*

Defendants generally argue that the petition pleads claims arising under federal law because

it mentions the FCRA and FDCPA and includes allegations relating to credit reporting and debt

collections.  (doc. 26 at 7.)  They point to the introductory paragraph of Plaintiff's petition that

states, in relevant part, his claims are based on the "FAIR CREDIT REPORTING ACT AS

IMPLEMENTED AS STATE LAW AND CONSUMER PROTECTIONS, STATE FAIR DEBT

COLLECTION LAW, AND CONSUMER PROTECTION LAWS PRE-SUIT ACTIVITIES AND

'SELF-HELP/PRIVATE ADMINISTRATIVE PROCESSES.'  (*See* doc. 1-1 at 3-4 (capitalization

in original)).  They also point to the allegations that Defendants, Attorney, and Business are each

"a debt collector within the meaning of 15 U.S.C. §1692a(6)," which is part of the FDCPA, and that

Attorney and Business will be making submissions to the court that are "misleading and false" and

"will violate Duty of Candor, Rule 11, FDCPA, FCRA, in violation of state laws upheld for local

consumer protection. . . ."  (*Id.* at 5-6.)

As noted, the most direct way for a case to arise under federal law is when the federal law itself is the source of the cause of action. *See Gunn*, 568 U.S. at 257. A complaint's reference to a federal law, even one that gives rise to a private cause of action for its violation, is not enough to confer federal question jurisdiction, however. *See Singh,* 538 F.3d at 338; *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (mere reference to some aspect of federal law in the complaint does not automatically establish federal question jurisdiction). The plaintiff's intent to assert a cause of action created by federal law must be evident from the face of the complaint. *See Caterpillar Inc.*, 482 U.S. at 392; *see also Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

In *Levi v. Vendor Resource Management*, No. A-13-CV-382-LY, 2013 WL 12130361, (W.D. Tex. Sept. 3, 2013), *adopted sub nom. by* 2013 WL 12131230 (W.D. Tex. Oct. 8, 2013), the plaintiffs' state petition asserted claims against the defendant for violations of the Texas Debt Collection Practices Act (TDCPA) and the Texas Deceptive Trade Practices Act (DTPA). The petition stated that the defendants must be considered "debt collector[s]" under the FDCPA, and that the TDCPA follows the FDCPA in defining a "debt collector." *Id.* at *4. It alleged that because one of the defendants met the FDCPA definition of "debt collector," all defendants were liable under the DTPA, since a violation of the FDCPA is also a violation of the DTPA. *Id.* The petition concluded that "a proper pleading of the FDCPA claim, including facts that establish the violations of the debt collector, allows the pleading of a DTPA claim." *Id.*

The district court found that the "allegations [were] far from a clear assertion of a violation of federal law," and that although the plaintiffs referenced the FDCPA, the structure of the petition revealed their intent to only assert claims under the DTPA and TDCPA. *Id.* It found that the

9

references to the FDCPA appeared "to simply be an attempt to invoke parallel definitions of the term debt collector in federal and Texas law and thus not a sufficient basis to invoke federal jurisdiction." *Id.* (citing *Howery*, 243 F.3d at 918).  The court ultimately concluded that the defendants had failed to show that removal on the basis of federal question was proper, and remanded the case. *Id.* at *5.

Here, Plaintiff's petition initially alleges that violations of the FCRA "AS IMPLEMENTED AS STATE LAW AND CONSUMER PROTECTIONS" support his "PRE-SUIT ACTIVITIES AND 'SELF-HELP/PRIVATE ADMINISTRATIVE PROCESSES" action.   (doc. 1-1 at 3-4 (capitalization in original)).  This suggests Plaintiff's intent only to assert claims under the debt collections laws and consumer protection laws of Texas.  *See Levi*, 2013 WL 12130361, at *4.   The TDCPA "prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers," *Bonilla v. Am.'s Servicing Co.*, No. CIV.A. H-11-1974, 2011 WL 3882280, at *4 (S.D. Tex. Sept. 2, 2011) (citing Tex. Fin. Code §§ 392.301-392.306), and enables a person to sue for "injunctive relief to prevent or restrain a violation of [the TDCPA]; and . . . actual damages sustained as a result of a violation of [the TDCPA]."  Tex. Fin. Code Ann. § 392.403; *see also id.* § 392.201 (establishing the reporting obligations of a credit bureau); *id.* § 392.202 (establishing the obligations of third-party debt collectors or credit bureaus regarding incorrect credit reporting files).  Texas' DTPA has the enumerated purpose "to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection." *See* Tex. Bus. & Com. Code Ann. § 17.44.  The petition alleges that the defendants are each "a debt collector within the meaning of 15 U.S.C. §1692a(6)," which is part of the FDCPA, but "*as applied through state laws* embodying and implementing for local consumer protection."  (doc. 1-1 at 5-6

(emphasis added).)  As in *Levi*, the reference to 15 U.S.C. § 1692a(6) does not suggest a cause of action under the FDCPA. *See* 2013 WL 12130361, at *4.

The petition also claims that Attorney and Business will be making submissions to the court that are "misleading and false" and "will violate Duty of Candor, Rule 11, FDCPA, FCRA, *in violation of state laws upheld for local consumer protection*. . . ." (doc. 1-1 at 6 (emphasis added).)  Again, Plaintiff expressly states that the violations of these professional rules and federal statutes also violate state consumer protection laws.  *See MSOF Corp.,* 295 F.3d at 490 (allegation in complaint that defendants maintained facility in violation of federal, as well as state and local regulations, did not suffice to render action one arising under federal law).  His petition does not directly assert a claim under either the FCRA or FDCPA, or point to a provision in either statute that gives rise to a private right of action.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001) (concluding mention of federal law merely served to describe types of conduct that violated DTPA, not to allege separate cause of action under federal law); *see, e.g., Jaimes v. Dovenmuehle Mortg., Inc.*, No. CIV.A. B-07-186, 2008 WL 536644, at *4 (S.D. Tex. Feb. 27, 2008) (finding plaintiff did not intend to plead any federal causes of action when the complaint failed to even mention a particular federal law under which plaintiff sought relief).  Accordingly, Defendants have failed to meet their burden in showing that Plaintiff's petition asserts a federally-created cause of action.[6]

---

[6] Defendants' argument that Plaintiff's case "arises" under federal law because it mentions the FCRA and FDCPA and includes allegations relating to credit reporting and debt collections, suggests that they only rely on the alleged assertion of federally-created claims in Plaintiff's petition as a basis for removal.  (*See* doc. 26 at 7.)  They do not appear to also claim that his allegations related to credit reporting and debt collections necessarily require the resolution of a substantial question of federal law.  (*See id.*)  This is further supported by the fact that Defendants do not cite *Gunn* or address the four factors necessary to show that a cause of action involves a substantial question of federal law.  *See Gunn*, 568 U.S. at 258.  To the extent that Defendants are making this assertion, they have not demonstrated that the petition asserted causes of action that otherwise involve a substantial federal question supporting federal question jurisdiction.

### 2.    *Artful Pleading Doctrine/Complete Preemption*

Defendants also argue that while "plaintiffs are the masters of their claims, . . . they must exercise that mastery within 'the allowable limits of the law,'" specifically that claims "arising under" federal law present federal questions over which a federal court has jurisdiction.  (*Id.*)

It is long-established that a plaintiff is the master of his complaint, including what law he will rely upon.  *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008).  If potential remedies exist under both state and federal law, a plaintiff may avoid federal jurisdiction by only proceeding under state law.  *See Waste Control Specialists, LLC v. Envirocare of Tex., Inc.*, 199 F.3d 781, 784 (5th Cir.), *modified in part on rehearing*, 207 F.3d 225 (5th Cir. 2000).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule' which provides that federal jurisdiction exists only when a substantial, disputed question of federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474 (1998) (quoting *Caterpillar Inc.*, 482 U.S. at 392).  Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

Even though Plaintiff is "the master of the complaint," he cannot use artful pleading to disguise issues federal in nature as state law claims.  *Bernhard,* 523 F.3d at 551.  Under the artful pleading doctrine, "which is an 'independent corollary' to the well-pleaded complaint rule, a plaintiff is prevented from defeating removal by 'artfully avoiding any suggestion of a federal issue.'"  *Turbine Powered Tech. LLC v. Crowe*, No. 6:17-CV-00801, 2018 WL 1041815, at *6 (W.D. La. Feb. 14, 2018) (citing *id.*), *adopted by* 2018 WL 1041781 (W.D. La. Feb. 23, 2018).  "[T]he artful pleading doctrine applies *only* where state law is subject to complete preemption."

*Bernhard*, 523 F.3d at 551 (emphasis in original) (citing *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188-89 (5th Cir. 2001)).  Complete preemption is uncommon, however, and only occurs where "Congress has so completely preempted a particular area of law 'that any civil complaint raising this select group of claims is necessarily federal in character.'" *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987).  "Under the complete preemption doctrine, what otherwise appears as merely a state law claim is converted to a claim arising under federal law for jurisdictional purposes because the federal statute so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008) (internal quotation marks and brackets omitted).  "Federal question jurisdiction therefore exists where, because state law is completely preempted, 'there is, in short, no such thing as a state-law claim.'" *Bernhard*, 523 F.3d at 551 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003)).

"As with any other basis for removal, Defendants have the burden of proving that removal was proper under the artful pleading doctrine and that the court has subject matter jurisdiction." *Baron v. Strassner*, 7 F. Supp.2d 871, 874 (S.D. Tex. 1998) (citing *Yawn v. Southern Ry. Co.*, 591 F.2d 312, 316 (5th Cir.), *cert. denied*, 442 U.S. 934 (1979)).  "Where no preemption exists, and a plaintiff may assert both a federal and a state law claim arising out of the same events, the artful pleading doctrine does not apply, and Plaintiff's choice of law controls." *Christiason v. Merit Texas Props., L.L.C.*, 393 F. Supp.2d 435, 437 (N.D. Tex. 2005) (citations omitted).

Defendants generally argue that Plaintiff's motion to remand should be denied on preemption grounds, citing *Weiner v. Wiser Oil Co.*,   No. CIV.A.3:99-CV-0878-G, 1999 WL 883768 (N.D. Tex. Oct. 15, 1999). (doc. 26 at 7-8.)  In *Weiner*, the court denied a motion to remand on grounds

13

that the petition asserted claims that were preempted by the Employee Retirement Income Security Act of 1974 (ERISA). Claims involving ERISA are unquestionably subject to complete preemption. *See Turbine Powered Tech. LLC v. Crowe*, No. 6:17-CV-00801, 2018 WL 1041815, at *6 (W.D. La. Feb. 14, 2018) ("The Supreme Court has recognized complete preemption in only three areas: The Labor Management Relations Act, ERISA, and the National Bank Act.") (citing *Beneficial Nat'l Bank*, 539 U.S. at 7), *adopted by* 2018 WL 1041781 (W.D. La. Feb. 23, 2018). The FCRA does not "completely" preempt state law as to all matters within the scope of the FCRA, however. *See Shaunfield v. Experian Information Solutions, Inc.*, 991 F. Supp.2d 786, 802 (N.D. Tex. 2014). "Further, no court has held that the FDCPA completely preempts applicable state law or even that it preempts the field." *Virgil v. Reorganized M.W. Co.*, 156 F. Supp. 2d 624, 631 (S.D. Miss. 2001) (citing *Silver v. Woolf*, 538 F. Supp. 881, 887 n. 3, 888-89 (D. Conn. 1982)). Even if the FCRA and FDCPA preempt certain parts of Plaintiff's state law claims, specific preemption, i.e., non-complete preemption, is an affirmative defense that cannot be considered in determining whether federal question jurisdiction exists. *See Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see, e.g., Bass & Hays Foundry Inc. v. Accucast Ltd.*, No. 4:15-CV-890-O, 2016 WL 6561598, at *2 (N.D. Tex. Feb. 17, 2016) ("Even if federal trademark law preempts some part of Plaintiff's cause of action, specific preemption is an affirmative defense and does not satisfy the well-pleaded complaint rule."); *Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 491 (N.D. Tex. 2011) ("Accordingly, Bank has failed to carry its burden to show that Congress clearly intended for civil actions against furnishers of credit information to be exclusively litigated in federal court, the court lacks federal-question jurisdiction,

14

and this case should be remanded to the state court from whence it came."); *Ortiz v. Nat'l City Home Loan Servs. Inc.*, No. CIV.A. H-09-2033, 2009 WL 3255088, at *3 (S.D. Tex. Sept. 29, 2009) ("Assuming that any state law claim is preempted, it is, nevertheless, not a basis for removal. It is simply an affirmative defense."). Defendants do not meet their burden of showing that Plaintiff's claims are subject to complete preemption.

In conclusion, Defendants have failed to show either that Plaintiff's petition presents a federally-created cause of action or that it depends on the resolution of a substantial question of federal law. *Singh*, 538 F.3d at 338. Accordingly, they have not met their burden to show that federal question jurisdiction exists over this case, and that removal on this basis was proper.[7]

## III. RECOMMENDATION

Plaintiff's motion to remand should be **GRANTED**, the defendants' motions should be **DENIED as moot**, and the case should be remanded to the 422nd District Court of Kaufman County, Texas.

**SO RECOMMENDED** on this 13th day of August 2019.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] Plaintiff also argues that because he also names defense counsel as defendants, diversity jurisdiction is defeated. (doc. 24 at 2.) Defendants do not assert jurisdiction based on diversity.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

16